**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| PACIFIC AND ARCTIC RAILWAY & NAVIGATION, CO., <br><br>      Plaintiff, <br>  vs. <br><br>M/V PAC STAR, IMO 9116292, its engines, tackle, gear, boats, apparel, furniture, and equipment *In Rem*, DALIAN TIGER SHIPPING LTD., *In Personam*, and PAC STAR SHIPPING HK CO. LTD., *In Personam,* <br><br>      Defendants. | Case No. 3:12-cv-00041-TMB-JDR <br><br>**ORDER GRANTING MOTION FOR RELIEF FROM MINUTE ORDER** <br><br>Docket 6 |

    The Plaintiff filed a Complaint pursuant to Fed. R. Civ. P. 9(h) and 28 U.S.C. § 1333.  Plaintiff alleges that Defendant Vessel M/V PAC STAR is owned by Pac Star Shipping Co., a Chinese company and that the PAC STAR is managed by Dalian Tiger Shipping, Ltd., also a Chinese company.[1]  At the time of the filing of the

---

  [1]*Complaint,* Docket 1, p. 1-2.

Complaint, Plaintiff asserted that it believed the Vessel would be in the jurisdiction of this Court during the pendency of this action.[2]

At Dockets 4 and 5 this Court issued warnings regarding Plaintiff's failure to provide proof of service in accordance with Fed. R. Civ. P. 4(m) with respect to all Defendants. In response, Plaintiff filed the instant Motion at Docket 6 alleging that it is now known that the Defendants are not subject to Rule 4(m), but rather are foreign entitles subject to Rule 4(f). Rule 4(f) provides in part that service upon a foreign entity may be made:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad Judicial and Extrajudicial Documents . . .

The 120 day time limit outlined in Rule 4(m) explicitly does not apply to service under Rule 4(f).

Plaintiff asserts that the Vessel has not been within the jurisdiction of this Court since the time of the filing of the Complaint and thus the Plaintiff has been unable to arrest the Vessel. Plaintiff also asserts, through counsel, that it has determined that it must begin effecting service pursuant to the Hague Convention.[3]

After due consideration of Plaintiff's Motion for Relief, the Court HEREBY GRANTS the Motion. However, Plaintiff shall not delay in effectuating

---

[2] *Id.* at 1.

[3] Docket 7.

service and the Court will not grant unlimited time to serve the Defendants. Accordingly, Plaintiff shall file a detailed Status Report on or before August 31, 2012 regarding the steps taken to properly serve the Defendants.

IT IS SO ORDERED.


DATED this __25th__ day of June, 2012, at Anchorage, Alaska.


    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge